**NOT FOR PUBLICATION**                    **CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP CARRINGTON; and the REMARKABLE MOSSI YOUTH COUNCIL, | |
| Plaintiffs, | Civil Action No. 06-5367 (SDW) |
| v. | **OPINION** |
| CITY OF JERSEY CITY; JERSEY CITY POLICE DEPT.; POLICE OFFICER PAUL JENSEN # 2368; TIMOTHY PICKETT; HEAD DOE; JOHN DOES 1-10; and ABC CORP. 1-10, | May 12, 2008 |
| Defendants. | |

**WIGENTON**, District Judge.

Before this Court are Defendants' City of Jersey City ("Jersey City"), Jersey City Police Department ("Police Dept."), Police Officer Paul Jensen # 2368 ("Jensen"), and Timothy Pickett ("Pickett") (collectively "Defendants") Motion for Summary Judgment[1], and Plaintiffs' Philip Carrington ("Carrington") and the Remarkable Mossi Youth Council ("Mossi") (collectively "Plaintiffs") Cross Motion for Summary Judgment[2] pursuant to Fed. R. Civ. P. 56(c). The Court, having considered the parties' submissions and having decided the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, **GRANTS** Defendants' motion and **DENIES** Plaintiffs' motion as moot.

## I.    JURISDICTION AND VENUE

This Court has original jurisdiction over the federal claims pursuant to 28 U.S.C. §§

---

[1] This Motion corresponds to docket entry 43.

[2] This Motion corresponds to docket entry 46.

1331and 1343, and pendent jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

Venue is proper pursuant to 28 U.S.C. § 1391(a).

## II.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

Plaintiffs filed the instant Amended Complaint in this Court alleging, *inter alia*, eight

causes of action against Defendants: (1) deprivation of their First, Fourth, and Fourteenth

Amendment rights under the United States Constitution under 42 U.S.C. §§ 1983 and 1988 (Pls.'

Am. Compl., Count I ¶¶ 2-10); (2) defamation of character sounding in slander and/or libel and

casting in false light (Pls.' Am. Compl. Count II ¶¶ 2-8); (3) deprivation of their rights under 42

U.S.C. §§ 1981 and 1988 (Pls.' Am. Compl., Count III ¶¶ 2-4); (4) deprivation of their rights

under 42 U.S.C. §§ 1982 and 1988 (Pls.' Am. Compl., Count IV ¶¶ 2-4); (5) deprivation of their

rights under 42 U.S.C. §§ 1985 and 1988 (Pls.' Am. Compl., Count V ¶¶ 2-4); (6) deprivation of

their rights under 42 U.S.C. §§ 1986 and 1988 by Defendants Jensen and Pickett (Pls.' Am.

Compl., Count VI ¶¶ 2-4); (7) deprivation of their rights under New Jersey Constitution Art. I,

par. 1,5-6 and 18, and Art. IV, sec. VI, para. 2 and sec. VII, para. 3, 7-9 (Pls.' Am. Compl.,

Count VII ¶¶ 2-12) and (8) deprivation of their rights under New Jersey's Law Against

Discrimination, N.J.S.A. 10:5-1 et. seq ("NJLAD") (Pls.' Am. Compl., Count VII ¶¶ 2-7.)

The factual essence of Plaintiffs' Amended Complaint is that, "plaintiff has had multiple

incidents of alleged unfair closure, disruption of businesses and discriminatory conduct involving"

Defendants from December 15, 1997 until April 21, 2006.  (Pls.' Am. Compl., ¶ 7.)  Plaintiffs

allege that Jensen, "has in the past been a significant actor in the alleged discriminatory conduct

along with the other agencies hereafter [sic] noted," and that Jersey City, the Police Department

and Pickett have, "failed to properly perform their duties of supervision and training of Mr.

Jensen."  (Pls.' Am. Compl., ¶¶ 8,12.)  Plaintiffs take specific issue with Defendants' purportedly

discriminatory requirements, treatment and conduct at their event at Jersey City's Mary McLeod Bethune Life Center on April 21, 2006 ("Event.")  (Pls.' Am. Compl., ¶¶ 22-45.)  With respect to said Event, Plaintiffs' claim that Pickett and Jensen "defamed" them by casting them in a "false light" by, "publish[ing] to the Jersey City Director of Public works that Mr. Carrington had a history of Bad [sic] or questionable business ventures throughout the years by having a series of illegal parties."  (Pls.' Am. Compl., Count II, ¶ 2,7.)

Plaintiffs have brought a litany of New Jersey Constitutional claims revolving around Defendants, 'failing to be [sic] hear plaintiffs application for continue [sic] occupancy with in [sic] 45 days" of Plaintiffs being evicted from their leased premises in May, 2004.  (Pls.' Am. Compl., Count VII, ¶ 3.)  Plaintiffs contend Defendants violated NJLAD by, "unlawfully discriminat[ing] against the plaintiff on the basis of race, national origin and violated LAD by selective enforcement and prosecution of state and municipal laws and ordinances" by "unfairly closing plaintiff [sic] business, attempting to prevent and by disrupting cultural and community programs and gatherings."  (Pls.' Am. Compl., Count VIII, ¶¶ 3-4.)

Defendants filed an Amended Answer generally denying Plaintiffs' Amended Complaint allegations.  Defendants now move for summary judgment on Plaintiffs' Amended Complaint. Plaintiffs subsequently filed their own independent summary judgment motion.  The Court will address both applications solely on the motion record presented.

**III.    LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant; it is material if under the substantive law, it is outcome-determinative.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant has the initial burden to demonstrate that there is no genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). The movant must "present a factual scenario without any unexplained gaps." *National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1581 (3d Cir. 1992). Moreover, where the movant is the defendant, or the party that does not have the burden of proof on the underlying claim, it "has no obligation to produce evidence negating its opponent's case." *Id.* Rather, the movant can simply "point to the lack of any evidence supporting the non-movant's claim." *Id.* Once the movant has carried its burden under Rule 56(c), the opposing party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the opposing party fails to do so, "summary judgment, if appropriate, shall be entered against the [non-movant]." Fed. R. Civ. P. 56(e). In determining whether there is a genuine issue of material fact, the Court may not weigh the evidence or determine the truth in the matter. *Anderson*, 477 U.S. at 249. Moreover, the Court must draw all reasonable inferences in favor of the non-movant. *Id.* at 255. It is on this standard that the Court adjudicates the pending motions for summary judgment.

## IV.    DISCUSSION

### A.    *Plaintiffs' §1983 Claims*

In accordance with the factual recitation set forth above, Plaintiffs contend that Defendants have deprived them of the rights, privileges and immunities secured by the Constitution of the United States, the Constitution of the State of New Jersey, and the laws of the United States, particularly 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and 1988. Plaintiffs seek redress for

Defendants alleged violations of their constitutional rights through the application of 42 U.S.C. §1983, which states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that "this conduct deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993); *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Daniels v. Williams*, 474 U.S. 327 (1986)).

To establish that a defendant acted under color of state law, a plaintiff must demonstrate that the defendant "exercised power 'possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law.'" *Barna v. City of Perth Amboy*, 42 F.3d 809, 815-16 (3d Cir. 1994); *West v. Atkins*, 487 U.S. 42, 49 (1988). A defendant is "a state actor when (1) he is a state official, (2) 'he has acted together with or has obtained significant aid from state officials,' or (3) his conduct is, by its nature, chargeable to the state." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

To establish that a defendant violated a right secured by the laws of the United States or its Constitution, a plaintiff must demonstrate that the defendant deprived it of such right as charged in the complaint. *Salerno v. O'Rourke*, 555 F. Supp. 750, 757 (D.N.J. 1983). A plaintiff must "identify the exact contours of the underlying right said to have been violated." *Downey v. Coal. Against Rape and Abuse, Inc.*, 143 F. Supp. 2d 423, 437 (D.N.J. 2001) (quoting *County of*

*Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). "By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906-07 (3d Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

It is well established that a §1983 claim is subject to both state and federal law– the forum state's statute of limitations for personal injury actions applies, while federal law governs the date of accrual. *See Owens v. Okure*, 488 U.S. 235 (1989); *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3d Cir. 1991); *Montgomery v. DeSimone*, 159 F.3d 120 (3d Cir. 1998); and *Mullen v. Port Authority of New York and New Jersey*, 100 F.Supp.2d 249 (D.N.J. 1999). In New Jersey, the statute of limitations for personal injury actions is two (2) years. N.J.S.A. 2A:14-2. "Under federal law, a section 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based." *Mullen*, 100 F.Supp.2d at 260.

In the matter at bar, as a threshold the Court must first determine the applicable statute of limitations period for Plaintiffs' §1983 claims. In accordance with the case law cited above, the Court finds that the only event complained of which falls within the applicable New Jersey two year statute of limitations is the Event. As Plaintiffs' filed their initial Complaint on November 9, 2006, any claim that pre-dates November 9, 2004 is time barred as a matter of law as it falls outside the scope of the statute of limitations, and therefore, will not be considered by this Court.

Restricting its analysis solely to Plaintiffs' §1983 claim related to the Event, the Court finds that Plaintiffs have failed to set forth or substantiate a cognizable §1983 claim. Although it is undisputed that Jensen and Pickett were acting under color of state law with regard to the Event, the Court rules that Plaintiffs have failed under *Downey* to "identify the exact contours of the underlying right said to have been violated." *Downey* at 143 F. Supp. 2d 427. Independent of this

fatal claim failure, the Court further holds that Jensen and Pickett are entitled to qualified immunity as Plaintiffs have failed to specifically set forth what conduct or actions Jensen or Pickett engaged in that purportedly violated their rights other than mere citation to Jensen's role as reviewing officer of Plaintiffs' Event application and Pickett's supervision of Jensen as his superior.  Jensen and Pickett are thus entitled to qualified "good faith" immunity as articulated in *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

With regard to Plaintiffs' § 1983 claims against the Police Dept., the Court concurs with Defendants' assertion that the Police Dept. cannot be held accountable under § 1983 as it is not an independent separate entity from Jersey City.  In New Jersey, a municipal police force is not an entity separate from the municipality itself pursuant to N.J.S.A. 40A:14-118 (municipal police department is "an executive enforcement function of municipal government.").  *Adams v. City of Camden, et al*, 461 F.Supp.2d 263, 266 (D.N.J. 2006). "In 42 U.S.C. Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." *DeBellis v. Kulp*, 166 F.Supp.2d 255, 264 (E.D. Pa. 2001); *Bonenberger v. Plymouth Twp.*, 132 F.2d 20, 25 n.4 (3d Cir. 1997) ("we treat the municipality and its police department as a single entity for purposes of section 1983 liability"); *McGovern v. Jersey City*, 2005 U.S. District LEXIS 38644 at * 23 n.4 (D.N.J. 2006) (dismissing § 1983 claims against the Jersey City Police department as contrary to law).  As Plaintiffs can not *prima facie* maintain a § 1983 claim against the Police Dept. as a matter of law, it is dismissed with prejudice on summary judgment.

Likewise, in order for Jersey City to be held liable on a § 1983 claim Plaintiffs must prove either: (a) an official policy or custom or practice which results in constitutional violations; or (b) conduct by officials in authority evidencing implicit authorization or approval or acquiescence in the unconstitutional conduct. *Popow v. City of Margate*, 476 F. Supp. 1237 (1979) citing, *Monell*

*v. Dept. of Soc. Serv. Of the City of N.Y.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). It is only when "execution of a government policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Monell,* 436 U.S. at 694. Accordingly, Plaintiffs are required to set forth the specific policy established by Jersey City or its officials which violated their constitutional rights. *Henschke v. Borough of Clayton*, 251 N.J. Super. 393, 401 (App. Div. 1991); citing, *Hilliard v. New Jersey Army National Guard,* 527 F. Supp. 405 (D.N.J. 1981); *Ross v. Meagan*, 638 F.2d 650 (3d Cir. 1981). Recognizing this mandatory burden, Defendants argue that no such policy, custom, or practice has been or can be specified in the matter at bar. Based on the record and evidence, this Court agrees.

Our Courts have addressed the definition of the terms "official policy" and "custom." In *Monell* the United States Supreme Court defined a municipal policy as a statement, ordinance, regulation, or official decision adopted and promulgated by that body's officers. *Clark v. Buchka*, 936 F. Supp. 212, 221 (D.N.J. 1996); citing *Monell*, 436 U.S. at 690. The United States Supreme Court also defined a custom or usage as, "such practices of state officials that are so permanent and so well-settled as to constitute custom or usage within the force of law." *Id.*, citing, *Monell*, *supra.* 436 U.S. 691. In *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) the Third Circuit specifically addressed the distinction between "policy" and 'custom" as follows:

> A government policy or custom can be established in two ways. Policy is made when a decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. A course of conduct is considered to be a"custom when, though not authorized by law, such practices of state officials [are] so permanent and well-settled as to virtually constitute law. See also, *Kneipp v. Tedder*, 95 F.3d 1119 (3d Cir. 1996).

Furthermore, although a violation can be found through an informal custom that has not received formal approval through the body's official decision-making channels, obviously a policy or custom cannot be inferred from a single, isolated incident of conduct. *City of Oklahoma City v.*

8

*Tuttle*, 471 U.S. 808 (1985); *Losch v. Borough of Parkesburg, P.A.*, 736 F.2d 903 (3d Cir. 1984);

*Monroe v. Pape*, 365 U.S. 167 (1961).

Although there can be liability where a course of action is properly made by a government's

authorized decision makers, municipal liability attaches only where the decision maker possesses

final authority to establish municipal policy or custom with respect to the action ordered. *Pembauer*

*v. Cincinnati*, 475 U.S. 469, 481 (1986). "The fact that a particular official – even a policymaking

official – has discretion in the exercise of particular functions does not, without more, give rise to

municipal liability based on an exercise of that discretion . . . since the official must also be

responsible for establishing final government policy respecting activity before the municipality can

be held liable." *Pembauer, supra.*, 475 U.S. at 482-3. Ultimately, "municipal liability under Section

1983 attaches where – and only where – a deliberate choice to follow a course of action is made

from among various alternatives by the official or officials responsible for establishing final policy

with respect to the subject matter in question." *Id.* At 483. Moreover, to impose liability against

Jersey City pursuant to § 1983, Plaintiffs must establish a nexus between Jersey City's policy and

the constitutional violation, in that the official policy must be the 'moving force of the constitutional

violation." *Polk County v. Dodson*, 454 U.S. 312, 326 (1981); *Monell*, 436 U.S. at 694. "A plaintiff

must identify the challenged policy, attribute it to the city itself, and show a causal link between

execution of the policy and the injury suffered." *Losch*, supra., 736 F.2d at 910. "To establish the

necessary causation, a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between

the municipality's custom and the specific deprivation of constitutional rights at issue." *Bielevicz v.*

*Dubinon*, 915 F.2d 845, 850 (3rd Cir. 1990).

At bar, Jersey City cannot be held liable under a § 1983 theory as it did not have a

discernable official policy, custom or practice which deprived Plaintiffs of their constitutional rights.

Plaintiffs have failed to articulate any Jersey City policy, custom or practice which allegedly

violated their constitutional rights.  Indeed, Plaintiffs have not pointed out or demonstrated any conduct that supports a claim that Jersey City acted inappropriately because of a policy, custom or practice giving rise to damages under § 1983.  As no evidence or documentation has been presented by Plaintiffs to rebut Defendants' arguments on this issue, the Court is left with no alternative other than to credit Defendants' arguments.  The Court rules that Plaintiffs have failed to establish any civil rights violations, and therefore, enters summary judgment on behalf of Jersey City.

**B.      Plaintiffs' §1985 Claims**

In order to state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.  *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997).  Section 1985(3) actions are limited to conspiracies predicated on "racial, or perhaps otherwise class based, invidiously discriminatory animus." *Lake*, 112 F.3d at 685 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *Farber v. City of Paterson*, 440 F.3d 131, 135 (3d Cir. 2006).

In the instant matter, Plaintiffs have not satisfied any of the foregoing four requisite elements.  Plaintiffs have not evidenced any conspiracy or discrimination based upon race or membership in any protected class.  Furthermore, Plaintiffs have not shown any act in furtherance of a purported conspiracy or how they have suffered any injury or right deprivation as a result thereto.  Consequently, Plaintiffs' § 1985 claim is unsustainable and properly disposed of on summary judgment in favor of Defendants.

**C.      Plaintiffs' §§1981, 1982, 1986 and 1988 Claims**

Plaintiffs alternatively claim relief under §§1981, 1982, 1986 and 1988 on the same grounds.

10

Section 1981 gives "all persons" the same right . .. to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws . . . as enjoyed by white citizens and to be subject to like punishment, pains, penalties taxes, licenses, and exactions of every kind.  42 U.S.C. 1981(a); *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 287 (1976).  A plaintiff must prove he experienced "purposeful discrimination," in order to prevail on a §1981 claim.  *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 389 (1982).  Similar to §1981, §1982 gives "all citizens" the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property.  42 U.S.C. 1982; *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 422 (1968).  The statute protects a citizen's property rights "against interference from any source whatever, whether governmental or private," and it encompasses every racially motivated refusal to sell or rent."  *Id.* at 421-22, 424.  To prevail on a § 1982 claim "a plaintiff must demonstrate an intent to discriminate based on race."  *Homan v. City of Reading*, 963 F.Supp. 485 (E.D. Pa., 1997); *City of Memphis v. Greene*, 451 U.S. 100, 120 (1981).  Here, Plaintiffs have adduced no proof of purposeful discrimination, intent to discriminate based on race, actual discrimination, or contravention of their property and contract rights by Defendants.  Consequently, Plaintiffs' §§1981 and 1982 claims are dismissed on summary judgment.

A plaintiff must establish a valid § 1985 claim in order to state a claim under §1986.  *Clark v. Clabaugh*, 20 F.3d 1290 (3d Cir. 1994).  Section 1986 states, in pertinent part,

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in the preceding section [§1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action.

42 U.S.C. § 1986.  Therefore, "[b]ecause transgressions of section 1986 by definition depend on a preexisting violation of section 1985, if the claimant does not set forth a cause of action under the

latter, its claim under the former necessarily must fail also." *Rogin v. Bensalem Township*, 616 F.2d 680, 696 (3d Cir. 1980). The statute is "derivative in nature" as "it provides a damages remedy against one who fails to prevent a [§] 1985(3) conspiracy." *Skadegaard v. Farrell*, 578 F.Supp. 1209, 1221 n. 9 (D.N.J. 1983). Courts in this district have held that a plaintiff must demonstrate, "1) the defendant had actual knowledge of a [§] 1985 conspiracy, 2) the defendant had the power to prevent or aid in preventing the commission of a [§] 1985 violation, 3) the defendant neglected or refused to prevent a [§] 1985 conspiracy, and 4) a wrongful act was committed." *Perez v. Cucci*, 725 F.Supp. 209, 254 (D. N. J. 1989); *Clark*, 20 F.3d at 1295. Section 1986 claims that do not demonstrate the four aforementioned elements require dimissal as a matter of law. *Clark,* 20 F.3d at 1296. "Mere conclusory allegations that a conspiracy existed will not survive a motion to dismiss." *Boykin v. Bloomsburg Univ. of Penn*, 893 F.Supp. 409 (M.D. Pa., 1995)(citing *Rogin,* 616 F.2d at 696). As Plaintiffs have come forth with no evidence of any conspiracy by Defendants or satisfied any of the enumerated claim elements, and the Court has already ruled that Plaintiffs have failed to substantiate a §1985 claim, Defendants are granted summary judgment on Plaintiffs' §1986 claim.

Section 1988 gives "the court, in its discretion, the authority to allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b); *Evans v. Jeff*, 475 U.S. 717, 730 (1986); *Circle School v. Phillips*, 270 F.Supp.2d 616, 632, (E.D. Pa., 2003); *Morrison v. Ayob*, 627 F.2d 669, 671 (3d Cir. 1980). Our Supreme Court has construed the meaning of "prevailing party" in the statute, as one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Truesdell v. Philadelphia Housing Auth.*, 290 F.3d 159, 163 (3d Cir. 2002); *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Therefore, a prevailing party is one that "must obtain at least some relief on the merits of his claim." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *Texas State Teachers Assn. v. Garland  Independent School Dist.*, 489 U.S., 782,

12

792 (1989).  As Plaintiffs have not establish any civil rights violations nor have they been granted any relief as a "prevailing party" in this matter, the Court grants Defendants summary judgment on Plaintiffs' §1988 claim.

**D.      *Plaintiffs' State and Constitutional Law Claims are not properly before this Court***

A district court "may decline to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Courts are within their sound discretion to dismiss state law and constitutional claims when the federal law claims have properly been dismissed.  *Bacon v. Carroll*, 232 Fed. Appx. 158, 160 (3d Cir. 2007); *Queen City Pizza v. Domino's Pizza*, 124 F.3d 430, 444 (3d Cir. 1997); *Gattison v. Township of Irvington*, 2007 WL 4591354, at *8 (D.N.J. 2007). As all of Plaintiffs' federal claims have been dismissed by the Court, the Court no longer retains original jurisdiction under 28 U.S.C. § 1331 and 1343, and declines to exercise supplemental jurisdiction over Plaintiffs' remaining state and constitutional law claims pursuant to 28 U.S.C. § 1367. Therefore, Plaintiffs' Amended Complaint is dismissed in its entirety.

**V.      CONCLUSION**

For the foregoing reasons and in accordance with Fed. R. Civ. P. 56(c) , Defendants' Motion for Summary Judgment is hereby **GRANTED**, and Plaintiffs' Cross Motion for Summary Judgment is hereby **DENIED** as moot.  Plaintiffs' Amended Complaint is dismissed in its entirety and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.